# EXHIBIT A

MITCHELL C. BEINHAKER, ESQ.
ATTORNEY ID # 024251992
**THE BEINHAKER LAW FIRM, LLC**
414 WESTFIELD AVENUE
WESTFIELD, NEW JERSEY 07090
(908) 272-2232
ATTORNEY FOR THE PLAINTIFFS, JASON D. COHEN, MD, FACS AND PROFESSIONAL ORTHOPAEDIC ASSOCIATES, PA, AND AS
ASSIGNEE AND DESIGNATED AUTHORIZED REPRESENTATIVE OF PATIENT AM.

---

| | |
|---|---|
| JASON D. COHEN, MD, FACS AND PROFESSIONAL ORTHOPAEDIC ASSOCIATES, PA AS ASSIGNEE AND DESIGNATED AUTHORIZED REPRESENTATIVE OF PATIENT AM, | SUPERIOR COURT OF NEW JERSEY ESSEX COUNTY LAW DIVISION |

Docket No.: L — 3357-15

Plaintiff(s)

Civil Action

vs.

**COMPLAINT**

HORIZON BLUE CROSS BLUE SHIELD
OF NEW JERSEY

Defendant

---

Jason D. Cohen, MD, FACS ("Cohen") and Professional Orthopaedic Associates, PA ("POA"), on their own behalf and as assignee and a designated authorized representative of Patient AM (Cohen and POA are hereinafter collectively referred to as the "Plaintiffs"), hereby complain against Horizon Blue Cross Blue Shield of New Jersey ("Horizon" or "Defendant") as follows:

<u>**PARTIES**</u>

1.      Cohen is a board certified orthopedic surgeon with an office address at 776 Shrewsbury Avenue, Tinton Falls, New Jersey 07724.

2.      Cohen is an owner of POA, a professional medical association with offices located in Tinton Falls, Toms River and Freehold, New Jersey.

3.      Patient AM is a citizen of the State of New Jersey with a residence at 62 Golden Eye Lane, Fort Monmouth, New Jersey 07758.

 

4.     Horizon is the Plan Administrator for Patient AM's employer-provided health insurance plan with its corporate offices located at 3 Penn Plaza East, Newark, New Jersey 07105.

## JURISDICTION

5.     At all times hereinafter mentioned and upon information and belief, Defendant is located in and transacts business within the State of New Jersey to supply services.

6.     At all times mentioned hereinafter and upon information and belief, Defendant regularly does or solicits business, or engages in a course of conduct, or derives revenue from services rendered in the State of New Jersey.

## FACTS APPLICABLE TO ALL COUNTS

7.     Cohen performed emergency spinal surgery on Patient AM on July 4, 2014.

8.     Services were provided in the emergency room ("ER") of Monmouth Medical Center located at 300 Second Avenue, Long Branch, New Jersey 07740.

9.     Cohen submitted a claim to Horizon in the amount of $169,390.00 for his emergency services (hereinafter referred to as the "Services") rendered to Patient AM.

10.     Horizon has refused to make any payment on this claim.

11.     This claim is brought for failure to properly pay a claim over which this Court has jurisdiction.

12.     Cohen and POA on their own behalf and on behalf of Patient AM have appealed the claim and their appeals were fruitless.

## FIRST COUNT
### (Violation of N.J.A.C. 11:24-5.3)

13.     Plaintiffs repeat and reallege the allegations of previous paragraphs of the Complaint as if set out at length herein.

14.     Patient AM is a beneficiary under a health insurance policy administered by Horizon.

THE BEINHAKER LAW FIRM, LLC
414 WESTFIELD AVENUE
WESTFIELD, NJ 07090
908.272.2232 – FAX: 908.233.4546

 

15. Cohen and POA are the assignees of benefits and the designated representatives of Patient AM and are authorized to prosecute this action.

16. Cohen filed a claim with Defendants in the amount of $169,390.00 for surgery he performed on Patient AM.

17. Defendant paid $0.00 on that claim.

18. Cohen and POA are still owed $169,390.00 for the surgery.

19. Defendant has improperly paid that claim in violation of New Jersey Administrative Code 11:24-5.3.

20. N.J.A.C. 11:24-5.3, promulgated by the New Jersey Department of Banking and Insurance, requires a carrier to limit a member's liability for emergency care rendered by non-participating providers, including ambulances, to the patient's co-pay, deductible or co-insurance.

21. Public policy in New Jersey dictates that, since the ER patient does not have the opportunity to choose their treating physician, she should not have to incur costs if the doctor on call does not participate in their insurance network.

22. This state mandate overrides and supersedes any limitations contained in a patient's plan document.

23. As a consequence of Defendant's failure to pay, Cohen and POA have been damaged.

WHEREFORE, Plaintiffs seek damages against Defendant in the amount of $169,390.00, plus attorney's fees, interest, costs of Court and such other and further relief as is just under the circumstances.

## SECOND COUNT
### (Unjust Enrichment)

24. Plaintiffs repeat and reallege the allegations of previous paragraphs of the Complaint as if set out at length herein.

THE BEINHAKER LAW FIRM, LLC
414 WESTFIELD AVENUE
WESTFIELD, NJ 07090
908.272.2232 – FAX: 908.233.4546

 

25.     Cohen and POA provided benefits to Patient JE with the full expectation that it would be paid for the services rendered on an emergency basis.

26.     Defendant has received the benefit of having its insured receiving emergency medical surgical procedures from Cohen and POA without paying Cohen and POA what they are required to be paid.

27.     Failure of Defendant to not pay Cohen and POA would be unjust.

28.     Cohen and POA expected to be paid from Defendant at the time it performed the surgical procedures.

29.     Cohen and POA provided its medical services in good faith with full expectation of compensation, which Defendant and its insured accepted.

30.     Cohen and POA are still owed $169,390.00 for the surgery.

31.     Defendant has improperly withheld payment and has been unjustly enriched thereby.

WHEREFORE, Plaintiffs seek damages against Defendant in the amount of $169,390.00, plus attorney's fees, interest, costs of Court and such other and further relief as is just under the circumstances.

## THIRD COUNT
### (Violation of the New Jersey Healthcare Information and Technologies Act ("HINT"))

32.     Plaintiff repeats and realleges the allegations of previous paragraphs of the Complaint as if set out at length herein.

33.     HINT requires that a health insurer, such as the Defendant, shall remit payment for every insured claim no later than the 30th calendar day following receipt of the claim.

34.     Cohen and POA were eligible for emergency medical treatment under Patient AM's insurance policy with Defendant.

35.     Patient AM was an insured and covered by the insurance policy in place at the time medical services were rendered.

THE BEINHAKER LAW FIRM, LLC
414 WESTFIELD AVENUE
WESTFIELD, NJ 07090
908.272.2232 – FAX: 908.233.4546

 

36.     The claim for payment is for medical services covered by the insurance policy held by Patient AM from Defendant.

37.     Cohen and POA submitted its claim timely with the information required of it.

38.     Defendant failed to remit any payment for such emergency surgical procedure within 30 days of submission of the claim.

39.     The amount of $169,390.00 is overdue.

40.     Under HINT, Defendant is required to make payment of $169,390.00 plus interest at 12% per annum

41.     As a consequence of Defendant's failure to pay, Cohen and POA have been damaged.

WHEREFORE, Plaintiffs seek damages against Defendant in the amount of $169,390.00, plus attorney's fees, interest at 12% per annum, costs of Court and such other and further relief as is just under the circumstances.

**FOURTH COUNT**
**(Misrepresentation)**

42.     Plaintiffs repeat and reallege the allegations of previous paragraphs of the Complaint as if set out at length herein.

43.     Defendant misled Cohen and POA in that Patient AM's emergency surgery would be paid at an emergency rate.

44.     Cohen and POA relied on such representations that Patient AM's surgery would be covered at an emergency rate to their detriment.

45.     Cohen and POA relied on the representations of Defendant to their detriment that they would timely receive payment for such emergency surgical services.

THE BEINHAKER LAW FIRM, LLC
414 WESTFIELD AVENUE
WESTFIELD, NJ 07090
908.272.2232 – Fax: 908.233.4546

 

WHEREFORE, Plaintiffs seek damages against Defendant in the amount of $169,390.00, plus attorney's fees, interest, costs of Court and such other and further relief as is just under the circumstances.

## DESIGNATION OF TRIAL COUNSEL

Mitchell C. Beinhaker is hereby designated as trial counsel.

## R. 4:5-1 CERTIFICATION

The Plaintiffs know of no other parties that should be named and no other actions or arbitrations are contemplated.

THE BEINHAKER LAW FIRM, LLC
Attorneys for Plaintiffs

By: _____
        MITCHELL C. BEINHAKER

Dated: May 15, 2015

THE BEINHAKER LAW FIRM, LLC
414 WESTFIELD AVENUE
WESTFIELD, NJ 07090
908.272.2232 – Fax: 908.233.4546

 

**Appendix XII-B1**

| CIVIL CASE INFORMATION STATEMENT (CIS) | FOR USE BY CLERK'S OFFICE ONLY |
|---|---|

| | |
|---|---|
| **CIVIL CASE INFORMATION STATEMENT (CIS)**<br><br>Use for initial Law Division<br>Civil Part pleadings (not motions) under *Rule* 4:5-1<br>**Pleading will be rejected for filing, under *Rule* 1:5-6(c),**<br>**if information above the black bar is not completed**<br>**or attorney's signature is not affixed** | **FOR USE BY CLERK'S OFFICE ONLY**<br>PAYMENT TYPE: ☐CK ☐CG ☐CA<br>CHG/CK NO.<br>AMOUNT:<br>OVERPAYMENT:<br>BATCH NUMBER: |

| ATTORNEY / PRO SE NAME<br>Mitchell C. Beinhaker, Esq. | TELEPHONE NUMBER<br>(908) 272-2232 | COUNTY OF VENUE<br>Essex |
|---|---|---|
| FIRM NAME (if applicable)<br>The Beinhaker Law Firm, LLC | | DOCKET NUMBER (when available) |
| OFFICE ADDRESS<br>414 Westfield Avenue<br>Westfield, NJ 07090 | | DOCUMENT TYPE<br>Complaint |
| | | JURY DEMAND   ☐ YES   ☒ No |

| NAME OF PARTY (e.g., John Doe, Plaintiff)<br>Jason D. Cohen, MD, FACS and Professional Orthopaedic Associates | CAPTION<br>Jason D. Cohen, MD, FACS and Professional Orthopaedic Associates, PA as assignee and Designated Authorized Representative of Patient AM vs Horizon Blue Cross Blue Shield of New Jersey |
|---|---|
| CASE TYPE NUMBER<br>(See reverse side for listing)<br>599 | HURRICANE SANDY RELATED?<br>☐ YES  ☒ NO | IS THIS A PROFESSIONAL MALPRACTICE CASE?   ☐ YES   ☒ NO<br>IF YOU HAVE CHECKED "YES," SEE *N.J.S.A.* 2A:53 A -27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |
| RELATED CASES PENDING?<br>☐ Yes   ☒ No | IF YES, LIST DOCKET NUMBERS |
| DO YOU ANTICIPATE ADDING ANY PARTIES<br>(arising out of same transaction or occurrence)?<br>☐ Yes   ☒ No | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known)<br>☐ NONE<br>☒ UNKNOWN |

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

| CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION | |
|---|---|
| DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP?<br>☒ Yes   ☐ No | IF YES, IS THAT RELATIONSHIP:<br>☐ EMPLOYER/EMPLOYEE   ☐ FRIEND/NEIGHBOR   ☐ OTHER (explain)<br>☐ FAMILIAL   ☒ BUSINESS |
| DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY?   ☐ YES   ☒ No | |

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION

| | DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS?<br>☐ Yes   ☒ No | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION |
|---|---|---|
| | WILL AN INTERPRETER BE NEEDED?<br>☐ YES   ☒ No | IF YES, FOR WHAT LANGUAGE? |

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

ATTORNEY SIGNATURE:

  

**Side 2**



# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial pleadings (not motions) under *Rule* 4:5-1

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

### Track I - 150 days' discovery
151 NAME CHANGE
175 FORFEITURE
302 TENANCY
399 REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
502 BOOK ACCOUNT (debt collection matters only)
505 OTHER INSURANCE CLAIM (including declaratory judgment actions)
506 PIP COVERAGE
510 UM or UIM CLAIM (coverage issues only)
511 ACTION ON NEGOTIABLE INSTRUMENT
512 LEMON LAW
801 SUMMARY ACTION
802 OPEN PUBLIC RECORDS ACT (summary action)
999 OTHER (briefly describe nature of action)

### Track II - 300 days' discovery
305 CONSTRUCTION
509 EMPLOYMENT (other than CEPA or LAD)
599 CONTRACT/COMMERCIAL TRANSACTION
603N AUTO NEGLIGENCE – PERSONAL INJURY (non-verbal threshold)
603Y AUTO NEGLIGENCE – PERSONAL INJURY (verbal threshold)
605 PERSONAL INJURY
610 AUTO NEGLIGENCE – PROPERTY DAMAGE
621 UM or UIM CLAIM (includes bodily injury)
699 TORT – OTHER

### Track III - 450 days' discovery
005 CIVIL RIGHTS
301 CONDEMNATION
602 ASSAULT AND BATTERY
604 MEDICAL MALPRACTICE
606 PRODUCT LIABILITY
607 PROFESSIONAL MALPRACTICE
608 TOXIC TORT
609 DEFAMATION
616 WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
617 INVERSE CONDEMNATION
618 LAW AGAINST DISCRIMINATION (LAD) CASES

### Track IV - Active Case Management by Individual Judge / 450 days' discovery
156 ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
303 MT. LAUREL
508 COMPLEX COMMERCIAL
513 COMPLEX CONSTRUCTION
514 INSURANCE FRAUD
620 FALSE CLAIMS ACT
701 ACTIONS IN LIEU OF PREROGATIVE WRITS

### Multicounty Litigation (Track IV)
271 ACCUTANE/ISOTRETINOIN
274 RISPERDAL/SEROQUEL/ZYPREXA
278 ZOMETA/AREDIA
279 GADOLINIUM
281 BRISTOL-MYERS SQUIBB ENVIRONMENTAL
282 FOSAMAX
285 STRYKER TRIDENT HIP IMPLANTS
286 LEVAQUIN
287 YAZ/YASMIN/OCELLA
288 PRUDENTIAL TORT LITIGATION
289 REGLAN
290 POMPTON LAKES ENVIRONMENTAL LITIGATION
291 PELVIC MESH/GYNECARE
292 PELVIC MESH/BARD
293 DEPUY ASR HIP IMPLANT LITIGATION
295 ALLODERM REGENERATIVE TISSUE MATRIX
296 STRYKER REJUVENATE/ABG II MODULAR  HIP STEM COMPONENTS
297 MIRENA CONTRACEPTIVE DEVICE
601 ASBESTOS
623 PROPECIA

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1,
in the space under "Case Characteristics.

**Please check off each applicable category** ☐ **Putative Class Action** ■ **Title 59**