NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JASON D. COHEN, M.D. FACS AND PROFESSIONAL ORTHOPAEDIC ASSOCIATES, PA AS ASSIGNEE AND DESIGNATED AUTHORIZED REPRESENTATIVE OF PATIENT AM,<br><br>Plaintiff,<br><br>v.<br><br>HORIZON BLUE CROSS BLUE SHIELD OF NEW JERSEY,<br><br>Defendant. | Civil Action No.: 15-4525 (JLL) (JAD)<br><br>**OPINION** |

**LINARES**, District Judge.

This matter comes before the Court by way of Defendant Horizon Blue Cross Blue Shield of New Jersey ("Horizon" or "Defendant")'s Motion to Dismiss the Complaint filed against it by Plaintiffs Jason D. Cohen, M.D FACS ("Dr. Cohen") and Professional Orthopedic Associates, P.A. ("POA") (collectively "Plaintiffs") under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). (ECF No. 4.) The Court has considered the parties' submissions and decides this matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons set forth below, the Court grants Defendant's Motion to Dismiss.

## BACKGROUND

Dr. Cohen is a board certified orthopedic surgeon with an office located in Tinton Falls, New Jersey. (ECF No. 1-1 ("Compl.") ¶ 1.) Dr. Cohen owns POA, "a professional medical

association with offices located in Tinton Falls, Toms River and Freehold, New Jersey." (*Id.* ¶ 2.) Horizon is the Plan Administrator for Patient AM's employer-provided health insurance plan, which is governed by the Employment Retirement Income Securities Act of 1974 ("ERISA"). (*Id.* ¶ 4; ECF No. 4-2, Certification of Catherine Valentin-Andaluz ("Valentin-Andaluz Cert.") ¶ 3; ECF No. 4-3, Ex A. to Valentin-Andaluz Cert (relevant portion of the health benefit plan under which AM received benefits (hereinafter referred to as the "Plan").)

On July 4, 2014, Dr. Cohen performed "emergency spinal surgery" on Patient AM. (Compl. ¶ 7.) Plaintiffs allege that they "are the assignees of benefits and the designated representatives of Patient AM and are authorized to prosecute this action." (*Id.* ¶ 15.) As such, the Complaint alleges that Dr. Cohen submitted a claim to Horizon totaling $169,390.00 for this procedure, but that Horizon has "refused to make any payment" on the claim. (*Id.* ¶¶ 9, 10.) Plaintiffs contend that they have "appealed the claim and their appeals were fruitless." (*Id.* ¶ 12.)

On May 15, 2015, Plaintiffs commenced this action by filing a complaint in New Jersey state court against Horizon, wherein they claimed four causes of action: (1) violation of N.J.A.C. 11:24-5.3, (2) unjust enrichment, (3) violation of New Jersey Healthcare Information and Technologies Act ("HINT"), and (4) misrepresentation. (*Id.* at 2-5.) On June 26, 2015, Horizon removed the action to this Court, alleging federal question jurisdiction on the grounds that all of the state law claims asserted in the complaint are preempted by ERISA. (ECF No. 1.) On July 17, 2015, Horizon moved to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (ECF No. 4 ("Def. Mov. Br.").) After multiple requests for adjournment, Plaintiffs filed opposition on October 2, 2015, (ECF No. 13 ("Pl. Opp. Br.")), and Horizon filed a reply on October 9, 2015. (ECF No. 14 ("Def. Reply Br.").) The matter is now ripe for resolution.

## **LEGAL STANDARD**

Horizon seeks to dismiss Plaintiffs' Complaint for lack of lack of standing under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). "Ordinarily, Rule 12(b)(1) governs motions to dismiss for lack of standing, as standing is a jurisdictional matter." *N. Jersey Brain & Spine Ctr. v. Aetna, Inc.*, --- F.3d ---, 2015 WL 5295125, at *1 n.3 (3d Cir. Sept. 11, 2015) (hereafter referred to as "*NJBSC*"). However, when statutory limitations to sue are non-jurisdictional, as is the case where a party claims derivative standing to sue under ERISA § 502(a), a motion to dismiss challenging such standing is "properly filed under Rule 12(b)(6)." *Id.* Regardless, "a motion for lack of statutory standing is effectively the same whether it comes under Rule 12(b)(1) or 12(b)(6)." *Id.* (citation omitted).

On a motion to dismiss for lack of standing, the plaintiff "'bears the burden of establishing' the elements of standing, and 'each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.*, with the manner and degree of evidence required at the successive stages of the litigation.'" *FOCUS v. Allegheny Cnty. Ct. Com. Pl.*, 75 F.3d 834, 838 (3d Cir. 1996) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)). "For the purpose of determining standing, [the court] must accept as true all material allegations set forth in the complaint, and must construe those facts in favor of the complaining party." *Storino v. Borough of Point Pleasant Beach*, 322 F.3d 293, 296 (3d Cir. 2003) (citing *Warth v. Seldin*, 422 U.S. 490, 501 (1975)).

To withstand a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

"In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of the public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010); *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (noting that although, generally, district court ruling on motion to dismiss may not consider matters extraneous to pleadings, a "document integral to or explicitly relied upon in complaint may be considered without converting motion to dismiss into one for summary judgment.") (citation omitted).

## DISCUSSION

Horizon moves to dismiss Plaintiffs' complaint on two grounds: lack of standing and preemption. With respect to lack of standing, Horizon argues that the Complaint fails to set forth the specific facts pertaining to the alleged assignment of AM's rights to Plaintiffs (Def. Mov. Br. at 5-6), and even if it were properly plead, the assignment would nevertheless be barred by the anti-assignment provision in the Plan (*id.* at 6-8; Def. Reply Br. at 1-4). Alternatively, Horizon argues that Plaintiffs' Complaint must be dismissed because the four state law causes of action alleged are preempted by ERISA. (Def. Mov. Br. at 8-9; Def. Reply Br. at 4-8.)

Plaintiffs oppose the motion by first arguing that they have standing pursuant to the assignment of benefits appointing them as designated and authorized representative of Patient AM, in accordance with the recent Third Circuit decision in *NJBSC*. (Pl. Opp. Br. at 2.) Additionally, Plaintiffs contend that Horizon waived their right to assert the alleged anti-assignment clause in the Plan, as demonstrated by Horizon's actions in dealing with Plaintiffs. (*Id.* at 3-5.) With respect to Horizon's preemption arguments, Plaintiffs assert that ERISA does not preempt claims for payment under N.J.A.C. 11:24-5.3 (*id.* at 5-8), nor claims for payment under the HINT (*id.* at 8-9). Alternatively, Plaintiffs ask the Court to grant them leave to file an Amended Complaint to cure any deficiencies identified by Horizon. (*Id.* at 9.)

The Court agrees with Horizon that that the Complaint fails to set forth the specific facts pertaining to the alleged assignment of Patient AM's rights to Plaintiffs and Horizon's alleged waiver of the anti-assignment clause. However, the Court will grant Plaintiffs leave to file an Amended Complaint to address these deficiencies.

### A. Standing

Under ERISA's civil enforcement provision, standing is generally limited to participants[1] and beneficiaries.[2] *See* 29 U.S.C. § 1132(a)(1); *Pascack Valley Hosp., Inc. v. Local 464A UFCW Welfare Reimbursement Plan*, 388 F.3d 393, 400 (3d Cir.2004). However, "[h]ealthcare providers that are neither participants nor beneficiaries in their own right may obtain derivative standing by assignment from a plan participant or beneficiary." *CardioNet, Inc. v. Cigna Health Corp.*, 751

---

[1] A "participant" is defined as "any employee or former employee of an employer, or any member or former member of an employee organization, who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer or members of such organization, or whose beneficiaries may be eligible to receive any such benefit." 29 U.S.C. § 1002(7).

[2] A "beneficiary" is "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." 29 U.S.C. § 1002(8).

F.3d 165, 176 n.10 (3d Cir. 2014). Furthermore, in a recent precedential opinion, the Third Circuit held that "as a matter of federal common law, when a patient assigns payment of insurance benefits to a healthcare provider, that provider gains standing to sue for that payment under ERISA § 502(a) [since] [a]n assignment of the right to payment logically entails the right to sue for non-payment." *NJBSC*, 2015 WL 5295125, at *2. The party seeking recovery under ERISA § 502(a) has the burden of establishing standing. *Franco v. Connecticut Gen. Life Ins. Co.*, 818 F. Supp. 2d 792, 810 (D.N.J. 2011) (citing *Lujan*, 504 U.S. at 561; *Warth*, 422 U.S. at 508); *Prof'l Orthopedic Associates, PA v. Excellus Blue Cross Blue Shield*, No. 14-6950, 2015 WL 4387981, at *6 (D.N.J. July 15, 2015) (citing same).

1. Rule 8

Plaintiffs contend that Dr. Cohen and POA have derivative standing to bring the claims in this lawsuit as the "assignees of benefits and the designated representatives" of Patient AM. (Compl. ¶ 15.) However, Plaintiffs fail to plead any underlying facts pertaining to this alleged assignment. In particular, Plaintiffs fail to include any of the specific language of the assignment, nor do they include the assignment of benefit document itself.[3] Instead, the Court is left with nothing more than conclusory recitations of the legal standard, which is insufficient under *Iqbal* and *Twombly*. In the absence of factual allegations, there is no way for the Court to determine whether Plaintiffs actually have standing to sue under ERISA. Accordingly, Plaintiffs have not established the existence of "properly assigned claims" to satisfy their burden of showing that they

---

[3] Plaintiffs include an "Authorization of Designated Representative to Appeal a Determination" in support of their opposition to Horizon's motion (ECF No. 13-4 at 6), but it is unclear if this is the entirety of relevant documents pertaining to the alleged assignment of Patient AM's rights to payment of insurance benefits. Accordingly, the Court declines to formally rule on whether this document by itself can be considered assignment of Patient AM's right to payment of insurance benefits sufficient to provide Plaintiffs with standing in accordance with *NJBSC*. Rather, the prudent course is to permit Plaintiffs to file an Amended Complaint stating in detail the assignments provided by Patient AM.

6

have standing to sue under ERISA. *Prof'l Orthopedic Associates, PA v. Excellus Blue Cross Blue Shield*, No. 14-6950, 2015 WL 4387981, at *5 (D.N.J. July 15, 2015) (similarly dismissing complaint at motion to dismiss stage in absence of specific language of assignment or the document itself); *Franco*, 818 F. Supp. 2d at 811 (same).

2. Anti-Assignment Provision

Horizon contends that "the plan pursuant to which Patient AM received benefits contains a valid and enforceable anti-assignment provision." (Def. Mov. Br. at 6-8.) In particular, the Plan states as follows: "ASSIGNMENT BY POLICYHOLDER: Assignment or transfer of the interest of the Policyholder under this Policy will not bind Horizon BCBSNJ without Horizon BCBSNJ's written consent thereto." (Valentin-Andaluz Cert. ¶ 4; Plan at 12.) Plaintiffs argue that Horizon waived their right to assert the anti-assignment provision. (Pl. Opp. Br. at 3-5.)

Although the Third Circuit has not specifically addressed the enforceability of anti-assignment clauses in ERISA-governed plans, the majority of circuits and district courts in the Third Circuit have routinely upheld anti-assignment provisions in ERISA plans as being valid and enforceable. *See, e.g., Physicians Multispecialty Grp. v. Health Care Plan of Horton Homes, Inc.*, 371 F.3d 1291, 1295-96 (11th Cir.2004) ("[A]n unambiguous anti-assignment provision in an ERISA-governed welfare benefit plan is valid and enforceable."); *LeTourneau Lifelike Orthotics & Prosthetics, Inc. v. Wal–Mart Stores, Inc.*, 298 F.3d 348 (5th Cir.2002) (reversing district court and holding that anti-assignment clause in ERISA plan was enforceable); *City of Hope Nat'l MedCtr. v. HealthPlus Inc.*, 156 F.3d 223, 229 (1st Cir.1998) ("[W]e hold that ERISA leaves the assignability or nonassignability of health care benefits under ERISA-regulated welfare plans to the negotiations of the contracting parties."); *St. Francis Reg'l Med. Ctr. v. Blue Cross & Blue*

7

*Shield of Kan., Inc.*, 49 F.3d 1460, 1464-65 (10th Cir.1995) ("ERISA's silence on the issue of assignability of insurance benefits leaves the matter to the agreement of the contracting parties."); *Davidowitz v. Delta Dental Plan of Cal., Inc.*, 946 F.2d 1476, 1478 (9th Cir.1991) ("As a general rule of law, where the parties' intent is clear, courts will enforce non-assignment provisions."); *Advanced Orthopedics & Sports Med. v. Blue Cross Blue Shield of Massachusetts*, No. 14-7280, 2015 WL 4430488, at *4 (D.N.J. July 20, 2015) ("[C]ourts routinely enforce anti-assignment clauses contained in ERISA-governed welfare plans."); *Prof'l Orthopedic Associates, PA v. CareFirst BlueCross BlueShield*, No. 14-4486, 2015 WL 4025399, at *4 (D.N.J. June 30, 2015) ("[T]he majority of circuits addressing the [anti-assignment enforceability] question as well as other courts in this district have considered the issue and held such provisions to be enforceable."); *Specialty Surgery of Middletown v. Aetna*, No. 12-4429, 2014 WL 2861311, at *4 (D.N.J. June 24, 2014) ("Courts in the District of New Jersey have thus far held that unambiguous anti-assignment provisions in group healthcare plans are valid and enforceable").

Thus, at first blush it appears as though the anti-assignment provision is clear and unambiguous, and thus valid and enforceable. *See Somerset Orthopedic Associates, P.A. v. Horizon Blue Cross & Blue Shield of New Jersey*, 345 N.J. Super. 410, 422-23 (App. Div. 2001) (upholding the enforceability of substantially similar anti-assignment provision after determining the provision to be a "critical tool to Horizon's efficient and effective functioning" and that assignment without consent is "void as contrary to public policy"); *Cohen v. Independence Blue Cross*, 820 F. Supp. 2d 594, 604-06 (D.N.J. 2011) (upholding substantially similar anti-assignment clause in another case brought by Dr. Cohen).

8

However, Plaintiffs argue that Horizon waived their right to assert the anti-assignment provision. Plaintiffs rely on an unpublished opinion for the proposition that "[a] party may waive an anti-assignment clause 'by written instrument, a course of dealing, or even passive conduct, i.e., taking no action to invalidate the assignment vis-à-vis the assignee.'" *N. Jersey Brain & Spine Ctr. v. Saint Peter's Univ. Hosp.*, No. 13-74, 2013 WL 5366400, at *6 (D.N.J. Sept. 25, 2013) (quoting *Gregory Surgical Servs., LLC v. Horizon Blue Cross Blue Shield of New Jersey, Inc.*, No. 06-0462, 2007 WL 4570323, at *3 (D.N.J. Dec. 26, 2007)). But even assuming that a party such as Horizon may waive an anti-assignment clause, the Complaint is entirely devoid of specific allegations of fact to support such a claim. Instead, the Complaint merely alleges in summary fashion that Plaintiffs submitted this claim to Horizon and that Horizon has failed to pay despite Plaintiffs filing an appeal. (Compl. ¶¶ 9, 10, 12; *see also id.* ¶¶ 16, 36-39.) Again, this type of conclusory pleading is prohibited under *Iqbal* and *Twombly*, and Plaintiffs cannot supplement the Complaint through their opposition brief. *See Com. of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.") (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir.1984), *cert. denied*, 470 U.S. 1054 (1984)). Accordingly Plaintiffs' Complaint shall be dismissed for this additional reason.

### B. Preemption

Because it is not clear whether the Court has jurisdiction over this action, the Court declines to address the preemption arguments raised by Horizon. (*See* Def. Mov. Br. at 8-9; Def. Reply Br. at 4-8.) This portion of Horizon's motion is denied without prejudice with leave to refile in due course.

9

## **CONCLUSION**

For the reasons above, the Court grants Defendant's Motion to Dismiss. (ECF No. 4.) An appropriate Order accompanies this Opinion.

DATED: October 15, 2015

JOSE L. LINARES
UNITED STATES DISTRICT JUDGE