# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JASON D. COHEN, M.D., FACS and PROFESSIONAL ORTHOPAEDIC ASSOCIATES, P.A., as ASSIGNEE and DESIGNATED AUTHORIZED REPRESENTATIVE OF PATIENT A.M. and PATIENT A.M., | CIVIL ACTION NO.: 2:15-cv-4525-JLL-JAD |
| Plaintiffs, | |
| vs. | |
| HORIZON BLUE CROSS BLUE SHIELD OF NEW JERSEY, | |
| Defendant. | |

## DEFENDANT HORIZON BLUE CROSS BLUE SHIELD OF NEW JERSEY'S OPPOSITION TO PLAINTIFFS' MOTION TO REMAND

**CONNELL FOLEY LLP**
Liberty View Building
457 Haddonfield Road, Suite 230
Cherry Hill, NJ 08002
(856) 317-7100

*Attorneys for Defendant*
*Horizon Blue Cross Blue Shield of New Jersey*

*On the Brief:*
Matthew A. Baker, Esquire

3814324-1

**TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................................................i

TABLE OF AUTHORITIES ........................................................................................................ ii

    I.    INTRODUCTION ...............................................................................................1

    II.    STATEMENT OF FACTS ..................................................................................2

        A.    The Parties ................................................................................................2

        B.    The Claim for Benefits .............................................................................2

        C.    Horizon's Notice of Removal, the Amended Complaint and Plaintiffs' Motion to Remand ...................................................................3

    III.    LEGAL ARGUMENT .........................................................................................4

        A.    The Legal Standard ..................................................................................4

        B.    Plaintiffs Could Have Brought Their Claim Under ERISA ....................4

        C.    There is No Independent Legal Duty Implicated by Horizon's Actions ..................5

    IV.    CONCLUSION ....................................................................................................8

# TABLE OF AUTHORITIES

**Cases**

*Aetna Health Inc. v. Davila*, 542 U.S. 200 (2004)........................................................................4

*Briglia v. Horizon Healthcare Servs.*, 2005 U.S. Dist. LEXIS 18708 (D.N.J. May 13, 2005)..........................................................................................................................................7

*Elite Orthopedic & Sports Medicine v. Aetna Insurance Company*, 2015 U.S. Dist. LEXIS 133226 (D.N.J. Sept. 30, 2015)........................................................................................7

*Khan v. Guardian Life Ins. Co. of Am.*, 2016 U.S Dist. LEXIS 52610 (D.N.J. Apr. 19. 2016).........................................................................................................................................5

*Kollman v. Hewitt Assocs., LLC*, 487 F.3d 139 (3d Cir. 2007) .....................................................6

*Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941 (9th Cir. 2009)..................6

*Montvale Surgical Center v. Horizon Blue Cross Blue Shield of New Jersey*, 2012 U.S. Dist. LEXIS 177656 (D.N.J., Dec. 14, 2012)...............................................................................7

*North Jersey Brain & Spine Center v. Aetna*, 801 F.3d 369 (3d Cir. N.J. 2015) ..........................5

*North Jersey Brain & Spine Center v. Connecticut General Life Insurance Company*, 2011 U.S. Dist. LEXIS 119762, 19-23 (D.N.J. June 30, 2011)...................................................8

*Pryzbowski v. U.S. Healthcare, Inc.*, 245 F.3d 266 (3d Cir. 2001) ...............................................4

**Statutes**

*N.J.S.A. 17B:27-44.2*......................................................................................................................7

**Other Authorities**

28 U.S.C. § 1331................................................................................................................................1, 3

28 U.S.C. § 1441................................................................................................................................1

29 U.S.C. § 1132(a) ..........................................................................................................................3, 4

29 U.S.C. §1001................................................................................................................................2

N.J.A.C. § 11:24-5.3 .........................................................................................................................6

## I. INTRODUCTION

Plaintiffs Jason Cohen, M.D., F.A.C.S. ("Dr. Cohen"), Professional Orthopaedic Associates, P.A. ("POA"), and Patient A.M. (collectively "Plaintiffs") brought this action against Horizon Blue Cross Blue Shield of New Jersey ("Horizon") seeking increased reimbursement for alleged emergent services rendered by Dr. Cohen and POA to Patient A.M. Plaintiffs originally filed this action in state court, but because the Complaint sought to recover health benefits under the terms of a health benefit plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), Horizon properly removed the matter to this Court pursuant to 28 U.S.C. § 1331 and § 1441. After removal to this Court, Plaintiffs filed an Amended Complaint.

Plaintiffs now move to remand the matter to state court, arguing this Court lacks subject matter jurisdiction over the claims at issue "because this is a claim for medical treatment performed on an emergency basis, ERISA is not involved in this claim for medical benefits … ." Plaintiffs, however, fail to cite any legal authority to support their position and the motion to remand is entirely devoid of any legal analysis. It is well settled that claims seeking additional reimbursement under the terms of an ERISA-governed health plan are completely preempted by Section 502 of ERISA and are, therefore, removable to federal court. Consequently, Plaintiffs' attempt at remand has no reasonable basis in law or fact. Plaintiffs' allege that additional reimbursement is due and owing, purportedly pursuant to New Jersey regulations, under a plan governed by ERISA. Therefore this Court has subject matter jurisdiction and the claims at issue are pre-empted. Applying the law to the facts of this case makes clear that this action was properly removed and is correctly before this Court, and any attempt at remand should be denied.

1

## II. STATEMENT OF FACTS

### A. The Parties

"Plaintiff Cohen is a board certified orthopedic surgeon with an office address at 776 Shrewsbury Avenue, Tinton Falls, New Jersey 07724.  Dr. Cohen is a shareholder of and/or owns and operates POA."  (Docket Entry (D.E.) 17, ¶ 1).  "Plaintiff POA is a professional medical association with offices in Tinton Falls, Toms River and Freehold, New Jersey."  (D.E. 17, ¶ 2).  Dr. Cohen and POA are non-participating providers that do not have a contract with Horizon. (D.E. 17, ¶ 19).  Patient A.M. is a citizen of the state of New Jersey and receives health benefits, through his employer, under the terms of a health benefit plan governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001 et seq. ("ERISA").  (D.E. 4-2, ¶ 3; D.E. 17, ¶ 44).

Defendant Horizon Blue Cross Blue Shield of New Jersey ("Horizon") is a not-for-profit health services corporation organized and existing under the laws of the State of New Jersey with its principal place of business located at 3 Penn Plaza East, Newark, New Jersey.  (D.E. 1, ¶ 3).  Horizon, among other things, provides health coverage and benefits for subscribers in New Jersey who receive health care benefits pursuant to health benefit plans established by employers and governed by ERISA.  Horizon also administers benefits for participants and beneficiaries of employee benefit plans governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq. ("ERISA").  (D.E. 1, ¶ 4).

### B. The Claim for Benefits

On or about July, 2014, Dr. Cohen and POA purportedly rendered "emergency surgery and procedures" to Patient A.M. and submitted a claim in the amount of $169,390. (D.E. 17, ¶ 18).  The Amended Complaint alleges that no payment was made on the claim and that the full

2

billed amount remains due and owing. (D.E. 17, ¶ 26). However, Plaintiffs' Motion to Remand acknowledges that "partial" payment was made on the claim and contends an additional $165,035.41 remains due and owing. (D.E. 37-1, p. 6). The Amended Complaint alleges causes of action for: violation of N.J.A.C. 11:24-5.3 (First Count), Unjust Enrichment (Second Count), and Violation of the New Jersey Healthcare and Technologies Act (Third Count).

### C. Horizon's Notice of Removal, the Amended Complaint and Plaintiffs' Motion to Remand

On June 26, 2015, Horizon timely removed this matter from state court to this Court. (D.E. 1). Specifically, Horizon removed this matter on the basis that the Complaint sought "to recover benefits allegedly due pursuant to an employee benefit plan governed by ERISA and is a claim for benefits within the meaning of Section 502(a) of ERISA, 29 U.S.C. § 1132(a)." (D.E. 1, ¶ 7). ERISA grants this Court removal jurisdiction pursuant to 28 U.S.C. § 1331 and § 1441(a), (b), and (c).

Horizon filed a motion to dismiss on July 17, 2015, arguing that the Dr. Cohen and POA lacked standing to bring this matter and that the claims at issue were pre-empted by ERISA. (D.E. 4). On or about October 15, 2015, the Court entered an Order, granting the Motion to Dismiss in part, and dismissing the Complaint without prejudice with further instructions allowing Plaintiffs to file an amended complaint to cure any deficiencies noted by the Court.[1]

---

[1] The Court's Opinion and Order noted that it was unclear if the out-of-network medical providers had standing to pursue this matter based on the anti-assignment provision in the plan at issue and based off Plaintiffs' argument that the anti-assignment provision had been waived by a course of dealing. The Opinion and Order also noted that Horizon argued that the claims at issue were preempted by ERISA. The Amended Complaint added the member, Patient J.E., as a Plaintiff, but failed to allege any cause of action under ERISA.

(D.E. 15, 16). On or about December 7, 2015, Plaintiffs filed the Amended Complaint they now seek to remand to state court.[2] (D.E. 17).

## III. LEGAL ARGUMENT

### A. The Legal Standard

Although the well-pleaded complaint rule would ordinarily bar the removal of an action to federal court where federal jurisdiction is not presented on the face of the plaintiff's complaint, the action may be removed if it falls within the narrow class of cases to which the doctrine of "complete pre-emption" applies. *Aetna Health Inc. v. Davila*, 542 U.S. 200 (2004). It is well settled that in determining whether a claim is completely preempted under ERISA, a federal court must look beyond the face of the complaint to determine "whether a plaintiff has artfully pleaded his suit so as to couch a federal claim in terms of state law." *Pryzbowski v. U.S. Healthcare, Inc.*, 245 F.3d 266, 274 (3d Cir. 2001). A case may be removed to federal court if the plaintiff "could have brought [its] claim under ERISA' and "there is no independent legal duty that is implicated by a defendant's action." *Pascack Valley Hospital, Inc. v. Loc. 464A UCFW Welfare Reimbursement Plan*, 388 F.3d 393, 400 (3d Cir. 2004). In this instance, despite Plaintiffs' attempt to "plead around" ERISA, Horizon can satisfy both prongs of *Pascack*, and this Court has subject matter jurisdiction and should effectuate the removal.

### B. Plaintiffs Could Have Brought Their Claim Under ERISA

Section 502(a) of ERISA empowers "a participant or beneficiary" to bring a civil action "to recover benefits due to him under the terms of his plan." 29 *U.S.C.* 1132(a). A medical provider may obtain derivative standing to initiate suit under ERISA through the use of an

---

[2] While any party, or the Court, can move to remand a matter at any time on the basis of lack of subject matter jurisdiction, it is telling that Plaintiff acquiesced to the initial removal and then filed an Amended Complaint in this Court. The claim at issue in the Amended Complaint is very clearly a claim for benefits under ERISA, was removed on that basis, and has proceeded in this Court for approximately fifteen (15) months.

assignment of benefits.  In *North Jersey Brain & Spine Center v. Aetna*, the Third Circuit held as a matter of federal common law that "when a patient assigns payment of insurance benefits to a healthcare provider, that provider gains standing to sue for that payment under ERISA § 502(a). An assignment of the right to payment logically entails the right to sue for non-payment."  801 F.3d 369, 372 (3d Cir. N.J. 2015).

In this instance, Plaintiffs cannot reasonable dispute they have standing to make a claim for benefits under ERISA.  The Amended Complaint contends that the out-of-network providers obtained an assignment of benefits sufficient to confer standing.  (D.E. 17, ¶¶ 13, 16). Furthermore, the Patient A.M. is a beneficiary under a plan governed by ERISA and therefore, has standing to assert a claim for benefits under §502(a).  As it is clear that Plaintiffs could have brought their claim under ERISA, but have instead attempted to artfully plead around it, the first prong of *Pascack* is satisfied.

### C. There is No Independent Legal Duty Implicated by Horizon's Actions

The Amended Complaint seeks to recover allegedly unpaid health benefits.  Because Plaintiffs are seeking increased reimbursement for out-of-network benefits, any amount paid for these services is set by the ERISA-governed plan and it is therefore subject to complete preemption under Section 502 of ERISA.[3]

Aside from a claim for benefits under ERISA, there is no independent legal duty implicated by the claims at issue in the Amended Complaint.  "A legal duty is 'independent' if it 'would exist whether or not an ERISA plan existed.'"  *Khan v. Guardian Life Ins. Co. of Am.*, 2016 U.S Dist. LEXIS 52610 (D.N.J. Apr. 19, 2016) (*citing Marin Gen. Hosp. v. Modesto &*

---

[3] The terms of the ERISA governed plan will control the reimbursement paid for any out-of-network services and will also have a provision for what constitutes "emergent" medical treatment/services.

*Empire Traction Co.,* 581 F.3d 941, 950 (9th Cir. 2009)). Therefore, if the substance of a claim is separate and distinct from the ERISA plan at issue, there is an independent legal duty to bring that claim. *Id.* As the Third Circuit has previously stated, claims related to the calculation and payment of a benefit due to a plan participant goes to the "essence of the function of an ERISA plan" and are therefore preempted. *Kollman v. Hewitt Assocs., LLC*, 487 F.3d 139, 150 (3d Cir. 2007).

In this instance, there is no independent legal duty implicated by Horizon's alleged actions. While Plaintiffs argue that New Jersey regulations mandate that additional payment be made for certain "emergent" services allegedly at issue, this claim relates to the "payment of a benefit due to a plan participant" and therefore goes to the "essence of the function of an ERISA plan." *Kollman*, 487 F.3d at 150. The application of any New Jersey regulation would not exist "but for" the existence of the ERISA under which Patient A.M. received health benefits.[4] Plaintiffs argue that New Jersey law, specifically N.J.A.C 11:24-5.3, requires plans and insurers to provide certain benefits for emergency services, and that the benefits were not provided for the claims which are the subject of this litigation. Plaintiffs also claim that the New Jersey "HINT" Act, N.J.A.C. 11:22-1.5, provides that payment of health insurance claims "is required to be

---

[4] Plaintiffs argue that New Jersey's "Emergency Room mandate" (N.J.A.C. § 11:24-5.3) provides that an out-of-network provider who renders emergency services to an insured must be reimbursed at the provider's full, billed charges. However, this position has no legal support and the regulations relied upon by Plaintiffs do not stand for this proposition.

made within 30 days of receipt by the carrier."[5]  Despite the supposed reliance on these regulations, Plaintiffs are actually seeking to compel increased reimbursement, and are making a claim for benefits under the plan at issue and Section 502(a) of ERISA.  Therefore, it is clear no independent legal duty is implicated by Plaintiffs' claims and they are simply seeking increased benefits for the claims at issue.

Indeed, this Court has routinely found claims seeking increased reimbursement pre-empted under ERISA.  In *Montvale Surgical Center v. Horizon Blue Cross Blue Shield of New Jersey*, the Court stated that the "[insurer's alleged] failure to pay the reasonable and customary rates for medical services" are "precisely the type of claims that are wholly preempted by ERISA's civil enforcement mechanism."  2012 U.S. Dist. LEXIS 177656 (D.N.J. Dec. 14, 2012).  In *Elite Orthopedic & Sports Medicine v. Aetna Insurance Company*, this Court denied a remand motion related to a claim for failure to pay the full amount submitted to the insurer in connection with two (2) individuals insured under ERISA governed plans.  2015 U.S. Dist. LEXIS 133226 (D.N.J. Sept. 30, 2015).  Likewise, in *North Jersey Brain & Spine Center v. Connecticut General Life Insurance Company*, the Court once again found that claims seeking increased reimbursement for alleged underpayments are intertwined with ERISA, challenge the

---

[5] Any reliance on N.J.A.C. 11:22-1.5 (which is not actually the "HINT" Act) is misplaced for a multitude of reasons. It should first be noted this regulation only applies to "clean" claims and does not apply to claims that are denied or disputed.  As Plaintiffs claim additional reimbursement is due and owing, the claim is disputed, not "clean," and therefore N.J.A.C. 11:22-1.5 is inapplicable.  Furthermore, it is well settled that Plaintiffs do not have a right of action to pursue violations of the HINT/Prompt Pay Act, *N.J.S.A.*17B:27-44.2.  In *Briglia v. Horizon Healthcare Servs.*, 2005 U.S. Dist. LEXIS 18708 (D.N.J. May 13, 2005), this Court found that no cause of action existed under the Prompt Pay Act in circumstances analogous to this matter.  *Id.* at 34.  In *Briglia*, because defendants denied plaintiff's claims, the Court found that the Prompt Pay Statute was not applicable, and instead that *N.J.S.A.*17B:27-44.2(d)(2) applied which related to denied claims.  *Id.* at 35.  The Court dismissed the claim noting that the plaintiff failed to claim proper notice of denial was not given under section (d)(2).  In this instance, Plaintiffs' Amended Complaint alleges the claim was disputed but does not allege that Horizon failed to give proper notice or otherwise violate the HINT/Prompt Pay Act, instead alleging that "proper" payment was not made in 30 days from submission of the claim.  As such, no cause of action exists under the Prompt Pay Act.

7

3814324-1

administration of benefits, and are preempted. 2011 U.S. Dist. LEXIS 119762, 19-23 (D.N.J. June 30, 2011).

Put simply, the Amended Complaint is seeking increased reimbursement under a plan governed by ERISA. This claims contained within clearly "challenge the administration of benefits" and are preempted by ERISA. Accordingly, these claims are properly before this Court.

## IV. CONCLUSION

For the foregoing reasons, Defendant Horizon Blue Cross Blue Shield of New Jersey respectfully requests that this Court Deny the Motion to Remand filed by Plaintiffs.

**CONNELL FOLEY LLP**
Liberty View Building
457 Haddonfield Rd., Ste. 230
Cherry Hill, New Jersey 08002
(856) 317-7100

*Attorneys for Defendant Horizon Blue Cross Blue Shield of New Jersey*

By: *s/Matthew A. Baker*
Matthew A. Baker

DATE: October 3, 2016